UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

U.S. DISTRICT COURT
BANGOR, MAINE
RECEIVED AND FILED
2007 JUN -4 P 2: 32

_____ DEPUTY CLERK

GABRIEL T. MILLAY, Plaintiff

V.                                                      Civil Action No. 07-77-B-W

SCHOOL UNION #92, Defendant

COMPLAINT & Motion for Emergency Injunction

1. Now comes the Plaintiff, Gabriel T. Millay, a citizen of the United States residing at 771 Newbury Neck Road, Surry, Maine 04684, a minor child, represented by parent Joanne M. Millay at same residence, with a Complaint v. School Union #92 located at 443 Main Street, Ellsworth, Maine 04605, administered by Superintendent James Boothby and Special Education Director Roland Caron.

2. The basis for the complaint is the Individuals with Disabilities Education Act, Section 504 of the Rehabilitation Act, and the Americans with Disabilities Act, which mandate that essential education and rehabilitation services be provided to students with disabilities; and the U.S. Civil Rights Act, which prohibits discrimination in regard to such services.

3. The background: Gabriel has been totally blind since two years of age. He has been a student in School Union #92 since grade K. Currently, he is in grade 11 at the George Stevens Academy at 23 Union Street in Blue Hill, Maine. Gabriel is an honors student, mainstreamed for all academic subjects.

4. In 2004, Gabriel filed a civil rights complaint with the U.S. Department of Education, Office for Civil Rights in Boston. The complaint alleged that the school union had persistently failed to provide Gabriel with essential services, including: Orientation and Mobility instruction, assistive technology instruction, and textbooks in Braille or other accessible format. The result of deficits in these services and accommodations resulted in Gabriel's inability to navigate his environment safely and independently, to use computer programs or access internet sites required for coursework, and to take courses in mathematics on grade level for more than two years.

5. Following its preliminary investigation, the Office for Civil Rights ordered the school union to come into compliance on these issues. However, following the period of oversight by the Office for Civil Rights, the school union again ceased attempting to provide compensatory services in Orientation and Mobility instruction, and even ceased providing the Orientation and Mobility instruction listed in Gabriel's Individual Education Plan from May 2006 through December 2007, claiming that it could not hire an available instructor because it was not required to provide the instructor with liability insurance. As the result, Gabriel remains deficient in essential safety skills, despite this action.

File Name: ___gaw07cv77 cmp___
Names of Attachments, if any: _____

his independence and seriously compromises his safety. A further OCR complaint is in abeyance while the State investigates the school union, a process which was initiated several months prior and has not yet been resolved. In the interim, yet another situation has arisen that threatens to further impair the student's safety and his hopes for the future.

6. Last month, through the Maine Bureau of Rehabilitation, Gabriel was offered the opportunity to obtain some compensatory Orientation and Mobility safety training at the Center for the Blind in Pittsburgh, Pennsylvania. The Bureau of Rehabilitation has offered to pay one-half the cost of the training if the school union would provide the other half. The Center will hold a place for Gabriel until June 11, 2007 for its only summer program for high school students. Although Gabriel's Pupil Evaluation Team, which met in February 2007, ordered a follow-up meeting to be held in May 2007 to incorporate such Extended School Year services into Gabriel's Individual Education Plan, as mandated by federal and state law, the school union failed to schedule the meeting, ignoring requests from the parent, the Maine Bureau of Rehabilitation, the caseworker at the Division for the Blind, and the guidance department of Gabriel's high school.

7. On Saturday, the student finally received a response from special education director Roland Caron, asking his parent to waive all rights to compensatory services and to other essential Extended School Year services, in return for non-obstruction of the safety training program at the Center for the Blind. The letter further demanded that the student and parent bypass the Pupil Evaluation Team process, during which experts may make recommendations for the Team to incorporate into the student's Individual Education Plan. Thus, Mr. Caron insists that the student must agree, prior to a Pupil Evaluation Team meeting, to forego other essential services the Team might recommend, as a condition of enrollment in the safety training program at the Center for the Blind. No date for a PET meeting has been offered, although only the entire Team, convened by the school union, has the authority to mandate any programs and services, including the Center for the Blind program.

8. Given the school union's previous violations of federal law as per the findings of the Office for Civil Rights in 2004, and its ongoing failure to provide services that are essential, available, and ordered by the student's Pupil Evaluation Team as written in his Individual Education Plan, the credibility of the school union's administration is in question. Its failure to properly convene a PET meeting at least seven (7) days prior to the end of the school year (June 8), as previously ordered by the student's PET, is an obstruction of federal law.

9. Given the urgency of the situation, a request to the State Education Department for a due process hearing or a complaint to the Office for Civil Rights would not be resolved within the time frame for provision of the safety training program or other essential Extended School Year services, such as math tutoring in Braille as requested by the mathematics department at Gabriel's high school, and the provision of assistive technology equipment, software, and Braille texts for math and other academic subjects.

10. Gabriel is taking challenging college preparatory coursework toward personal and economic independence in the future, and the school union has consistently failed to meet its obligation under the applicable federal statutes to provide him the accommodations required by his endeavors. It has neglected his safety training, essential for blind persons to avoid injury or fatality, and now holds his academic accommodations hostage to the provision of such. Federal law does not provide for such either/or accommodations.

11. Therefore, we pray the Court to grant an Emergency Injunction against the school union:

to convene a Pupil Evaluation Team meeting within seven (7) days of the date of the Complaint to determine the immediate needs of the student;

and: if recommended by the members of the Pupil Evaluation Team, excepting the school union and its representatives, to fund its share of the compensatory program as urged by the Bureau of Rehabilitation caseworker Charles McGinty (tel. 207-664-2312) and Jeffrey Jones, the caseworker at Division for the Blind (tel. 207-561-4021), so long as the full PET excepting the school union will vote to approve it, and to do so without forcing the student to forego his civil rights under the applicable federal statutes.

12. We ask further relief toward the funding of other essential services and adaptive texts, equipment and instruction as ordered by the Pupil Evaluation Team under advisement by the professionals who have been responsible to assist and instruct the student. Should the student obtain professional legal assistance in a timely manner, we request attorney's fees and costs.

Respectfully submitted, this 4th of June 2007, for the student by Joanne M. Millay, parent.

*June 4th, 2007*                    *Joanne M. Millay*